IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARK MAHAVIER AS POWER OF | § | |
| ATTORNEY FOR WILLARD MAHAVIER, | § | |
| *Plaintiff* | § | |
| | § | CASE NO. 5:13-cv-00704-FB |
| v. | § | |
| | § | |
| PNC BANK, NATIONAL ASSOCIATION, | § | |
| *Defendant* | § | |

**DEFENDANT'S MOTION TO DISMISS UNDER RULE 12(b)(6)
AND BRIEF IN SUPPORT**

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS:

COMES NOW Defendant, PNC Bank, National Association (hereinafter "PNC" or "Defendant"), and pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6) files this Motion to Dismiss for Plaintiff's failure to properly state a claim and would show unto this Court as follows:

**I.
SUMMARY OF THE ARGUMENT**

1.      Plaintiff, Willard Mahavier (hereinafter "Mahavier"), purchased the property located at 2526 W. Gramercy Place, San Antonio, Texas through a loan from Merrill Lynch Credit Corporation.  (Plaintiff's Petition, ¶ 3).  In 2006, Mahavier refinanced his original purchase money loan.  (Plaintiff's Petition, ¶ 4).  In connection with this transaction, Mahavier executed a Note, Deed of Trust, and Mortgage Pledge Agreement.  (Plaintiff's Petition, ¶ 4).  The Note and Deed of Trust each required Mahavier to repay the loan in recurring monthly payments.  (Exhibits "A" and "B").  However, Mahavier concedes in his Petition that he

breached the terms of agreement in late 2010 when he failed to make the payments due as scheduled.  (Plaintiff's Petition, p. 3, ¶ 4).

2.      While Mahavier concedes that he breached the terms of the agreement beginning in 2010, he also asserts that PNC breached the terms of the Deed of Trust in 2013.  Mahavier alleges that PNC violated provisions of the Deed of Trust by misapplying amounts received from the Pledge Agreement.  Notwithstanding the fact that the alleged violation of the Deed of Trust was specifically authorized by the Pledge Agreement and not a breach of the agreement, Plaintiff's claims must be dismissed because Plaintiff admits he breached the terms of the Note and Deed of Trust more than two (2) years prior to the alleged breach by PNC.  For this reason, Plaintiff's breach of contract claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.
## BRIEF: ARGUMENT AND AUTHORITIES

3.      To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim for relief that is plausible on its face." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), *cert. denied*, 552 U.S. 1182 (2008)).  "Factual allegations must . . . raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 500 U.S. at 555; *see also Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009).

4.      In explaining this standard, the Court emphasized that a "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 570.  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual

enhancement.'" *Ashcraft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).   Plaintiffs must demonstrate more than "a sheer possibility that a defendant has acted unlawfully."  *Id.*  Indeed, the "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Plaintiff cannot state a plausible right to relief because his Petition affirmatively negates elements of his cause of action.

**III.**
**MOTION TO DISMISS:**
**BREACH OF CONTRACT**

5.      To properly state a claim for breach of contract, Mahavier must plead facts that could plausibly support the conclusion that (A) a valid contract exists, (B) *that Mahavier performed under the terms of the contract*, (C) that PNC breached the terms of the contract, and (D) that Mahavier sustained an injury as a result of the breach by PNC.  *Roof Sys. Inc. v. Johns Manville Corp.*, 130 S.W.3d 430, 442 (Tex. App.—Houston [14th Dist.] 2004, no pet.). Mahavier's Petition discloses the invalidity of his claims on the face of the pleadings.  Mahavier cannot properly state a claim for breach of contract for which relief can be granted.

6.      Mahavier Does Not Plead Performance Under the Contract. "The general rule is that separate documents executed at the same time, for the same purpose, and in the course of the same transaction are to be considered as one instrument, and are to be read and construed together." *CA Partners v. Spears*, 274 S.W.3d 51, 66 n.9 (Tex. App.—Houston [14th Dist.], 2008).   Therefore, the Note, Deed of Trust and Mortgage Pledge Agreement should be read together.  Both the Note and the Deed of Trust executed by Mahavier specifically required him to repay the note amount in recurring monthly payments.[1]

---

[1] While a district court may not generally go outside the complaint in its consideration of a motion to dismiss pursuant to Rule 12(b)(6), a court may consider documents attached to a motion to dismiss if they are referred to in the plaintiff's complaint and are central to the complaint.  *Scanlon v. Texas A.&M Univ.*, 343 F.3d 533, 536 (5th Cir.

7.      The Note required Mahavier to make monthly payments on the Note.

> Beginning on April 1st, 2006, I will pay only the interest on the unpaid principal balance of the Note.  Thereafter, I will pay principal and interest on the first (1st) day of each month beginning April, 213.  I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note.

(Exhibit "A," p. 1, ¶ 3(A)).

8.      Likewise, the Deed of Trust specifically states:

> Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note.

(Exhibit "B," p. 4, ¶ 1).

9.      In his Petition, Mahavier admits that he breached these terms of the Note and Deed of Trust by failing to make the required monthly payments from late 2010 through at least May 2013.  (Plaintiff's Petition ¶ 4).  Because Mahavier failed to perform pursuant to the terms of the agreement, he may not maintain a cause of action for breach of contract.  *See e.g. Gonzalez v. Wells Fargo Bank, NA*, No. No. SA-12-CA-1176, 2013 U.S. Dist. LEXIS 68541, at *5 (W.D. Tex. March 12, 2013) ("Plaintiff admits that she has failed to perform under the loan contract - she has defaulted on her mortgage payments. Therefore, her breach of contract claim fails as a matter of law."); *Golden v. Wells Fargo, NA*, No. SA-11-CA-948, 2013 U.S. Dist LEXIS 188044, at *7 (W.D. Tex. Dec. 21, 2012); *Marsh v. JPMorgan Chase Bank, N.A.*, 888 F. Supp. 2d 805, 815 (W.D. Tex. Aug. 29, 2012) (stating that a claimant in breach of contract claim must "allege they were current on their payments under the Deed of Trust."); *Metcalf v. Deutsche Bank Nat'l Trust Co.*, No. 3:11-CV-3014-D, 2012 U.S. Dist. LEXIS 88331, at *10 (N.D. Tex. June 26, 2012) (dismissing "plaintiffs' breach of contract claim because they . . . failed to allege that they performed their contractual obligations by remaining current on their

---

2003).  Plaintiff's Original Petition references the Note and Deed of Trust.  Therefore, the Note and Deed of Trust may appropriately be considered in adjudicating PNC's Motion to Dismiss.

mortgage payments until the alleged breach"); *Obuekwe v. Bank of Am., N.A.*, 2012 U.S. Dist. LEXIS 55053, at *5 (N.D. Tex. Apr. 19, 2012) (Means, J.) (holding that plaintiff "cannot state a claim for breach of the deed of trust because [plaintiff] admits that she defaulted on the loan," and therefore cannot demonstrate that she performed her duties under the contract). Plaintiff did not perform his obligations under the Deed of Trust and cannot properly state a claim for breach of the Deed of Trust.

## IV.
## MOTION TO DISMISS:
## REQUEST FOR DECLARATORY RELIEF

10.     A declaratory judgment is only a procedural device for granting a remedy; "it does not create any substantive rights or causes of action." *Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd.*, 99 F.3d 746, 752 (5th Cir. 1996). A request for declaratory judgment is remedial in nature and dependent upon the assertion of viable causes of action. *See Naddour v. Nationstar Mortg., LLC*, No. 3:11-cv-1096-B, 2012 U.S. Dist. LEXIS 140271, 2012 WL 4473127, at *7 (N.D. Tex. Sept. 27, 2012). Because Mahavier cannot state a claim for breach of contract there are no viable causes of action that can support the requested declaratory relief and Plaintiff's request for declaratory judgment must also be dismissed. *Marsh*, 2012 U.S. Dist LEXIS 122489, at *27; *Val-Com Acquisitions Trust v. Chase Home Fin., LLC*, 434 F. App'x 395,395-96 (5th Cir. 2011).

## V.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, PNC Bank, National Association respectfully prays that this Court grant Defendant's Motion to Dismiss Under Rule 12(b)(6) and issue an Order dismissing all of Plaintiff's claims, causes of action, and requested relief against

5

Defendant with prejudice; and grant Defendant such other relief, at law or in equity, to which it may show itself justly entitled.

Respectfully submitted,

By:_____/s/ Philip C. Reeves_____
       Kirk A. Schwartz
       Texas Bar No. 24004908
       H. Gray Burks, IV
       Texas Bar No. 03418320
       Philip C. Reeves
       Texas Bar No. 24065959
       Donald Sepolio
       Texas Bar No. 18029850
       ShapiroSchwartz, LLP
       5450 Northwest Central, Suite 307
       Houston, Texas  77092
       Telephone:  (713) 462-2565
       Facsimile:  (847) 879-4854

Attorneys for PNC Bank, National Association

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of August, 2013, a true and correct copy of the foregoing was sent to:

Kenneth Grubbs
Attorney at Law
4241 Woodcock Drive, Suite C-120
San Antonio, Texas  78228
*Via Facsimile to (210) 499-4587*

       _____/s/ Philip C. Reeves_____
       Philip C. Reeves

6
