IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARK MAHAVIER AS POWER OF ATTORNEY FOR WILLARD MAHAVIER, *Plaintiff* | § § § § § § § § | CASE NO. 5:13-cv-00704-FB |
| v. | | |
| PNC BANK, NATIONAL ASSOCIATION, *Defendant* | | |

### **DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS:

COMES NOW Defendant, PNC Bank, National Association (hereinafter "PNC Bank"), and pursuant to Rule 56 of the Federal Rules of Civil Procedure, respectfully files this Motion for Summary Judgment.

### **Summary Judgment Standard**

1. Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). "The substantive law governing the claims identifies the essential elements and thus indicates which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Where the non-movant bears the burden of proof at trial, the movant need only point to the absence of evidence to support an essential element of the non-movant's case; the movant does not have to support its motion with evidence negating the non-movant's case. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Summary judgment is proper if the non-movant "fails to make a showing sufficient to establish the existence of an element

essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Piazza's Seafood World, LLC v. Odom*, 448 F.3d 744, 752 (5th Cir. 2006). Although the court draws all reasonable inferences in favor of the non-movant, the non-movant "cannot defeat summary judgment with conclusory, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Med. Center*, 476 F.3d 337, 343 (5th Cir. 2007). Conjecture, conclusory allegations, unsubstantiated assertions and speculation are not adequate to satisfy the nonmovant's burden. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1079 (5th Cir. 1994); *Ramsey v. Henderson*, 286 F.3d 264, 269 (5th Cir. 2002).

2. PNC Bank can conclusively negate at least one element of each of Plaintiff's causes of action. Moreover, Plaintiff cannot provide any evidence of essential elements of his causes of action. Under either standard, PNC Bank is entitled to summary judgment denying Plaintiff's breach of contract, negligent/intentional infliction of emotional distress, and wrongful foreclosure causes of action.

### Statement of the Case

3. In 2006, Plaintiff entered into a loan transaction secured by the property located at 2526 W. Gramercy Place, San Antonio, Texas (the "Property"). In connection with this transaction, Plaintiff executed a Note evidencing the debt and a Deed of Trust that pledged the Property as security for the repayment of the debt. (Docket No. 8, ¶ 4). Plaintiff also entered into a Mortgage Pledge Agreement ("MPA") which created an investment account which acted "as collateral to protect the loan." (Docket No. 8, ¶ 4). Each of these documents provided Defendant with specific remedies upon default.

4. Plaintiff defaulted on the payment obligations imposed by the Note, Deed of Trust and MPA in 2010. (Docket No. 8, ¶ 4). Plaintiff's loan is presently due for the August 2010

payment. (Exhibit "1"). As a result of the default in payment, and pursuant to the MPA, funds in the amount of $37,184.68 from the investment account were applied to the unpaid balance on the Note on May 23, 2013. (Exhibit "1").

5. Plaintiff alleges that Defendant was required to apply these funds pursuant to the terms of the Deed of Trust. Plaintiff also alleges that the application of funds effected reinstatement of the loan pursuant to the terms of the Deed of Trust and cured his default of almost three years. However, the express terms of the MPA specifically contradict Plaintiff's allegations. Defendant can demonstrate that it did not breach the contract with Plaintiff, and that Plaintiff has been in constant default of his obligations under the loan documents since 2010. Moreover, Plaintiff cannot provide any evidence of essential elements of his causes of action. Defendant is entitled to summary judgment as a matter of law.

### Brief: Argument and Authorities

**A.    There Is No Issue of Material Fact Concerning Plaintiff's Breach of Contract Claim**

6. The elements of breach of contract in Texas are (a) the existence of a valid contract, (b) Plaintiff's performance under the contract, (c) Defendant's breach of the contract, and (d) damages sustained by Plaintiff as a result of the Defendant's breach. *Bourn Investments, L.L.C. v. Hall*, No. A-10-CA-810 LY, 2012 U.S. Dist. LEXIS 53054 *8 (W.D. Tex April 16, 2012) (citing *Instone Travel Tech Marine & Offshore v. Int'l Shipping Partners, Inc.*, 334 F.3d 423, 427 (5th Cir. 2003)). Defendant can conclusively negate the performance, breach and damage elements of Plaintiff's breach of contract claim and is entitled to summary judgment.

   *i.    Plaintiff Failed to Perform Pursuant to the Loan Agreement.*

7. <u>Plaintiff Judicially Admits His Prior Breach of the Loan Agreement</u>. Plaintiff's Amended Complaint fails to even establish a prima facie case of breach of contract. Plaintiff's

Amended Complaint conclusively establishes his failure to perform pursuant to the contract by failing to make the recurring monthly payments due on the Note in 2010. (Docket No. 8, ¶ 4). Because Plaintiff admits his failure to perform pursuant to the contract, Defendant is relieved of the burden of negating Plaintiff's performance and is entitled to summary judgment as a matter of law denying Plaintiff's breach of contract cause of action.[1]

        8.      *Plaintiff Ceased Making Payment Prior to any Alleged Breach of Contract*. Plaintiff breached the terms of the Note and Deed of Trust by failing to make the required monthly payments in 2010. (Docket No. 8, ¶ 4). Plaintiff further failed to perform his contractual obligations by failing to tender each payment due after the initial breach of the agreement in August, 2010. (Exhibit "1"). Plaintiff alleges that he reinstated the loan by virtue of funds transferred from an investment account. However, the MPA specifically states that any funds received from the investment account shall not constitute reinstatement under the terms of the Deed of Trust. (Exhibit "B," ¶ 6(d)). Plaintiff did not reinstate the loan and has not performed under the terms of the agreement. Because Plaintiff failed to perform pursuant to the terms of the loan agreement he cannot prevail on his breach of contract claim as a matter of law.

        *ii.*      *Defendant Did Not Breach the Terms of the Deed of Trust.*

        9.      Plaintiff alleges that Defendant breached the terms of the agreement in that Defendant was required (i) to apply all payments, even funds obtained pursuant to the MPA, first to late period payments, (ii) accept all payments as tendered, and (iii) mail a notice to cure and notice of acceleration and posting. Plaintiff also contends that he was denied his contractual right to reinstate the loan in violation of the Deed of Trust. (Docket No. 8, p. 8, ¶ 15). Plaintiff's

---

[1] "A judicial admission is a formal concession in the pleadings or stipulations by a party or counsel that is binding on the party making them. Although a judicial admission is not itself evidence, it has the effect of withdrawing a fact from contention." *Martinez v. Bally's Louisiana, Inc.*, 244 F.3d 474, 477 (5th Cir. 2001).

Petition misstates the contractual requirements of the loan agreement. Defendant did not breach any provision of the loan agreement and can conclusively negate Plaintiff's allegations.

10. *Plaintiff Did Not Make Payment to Reinstate the Loan.* Plaintiff's Petition alleges that Defendant breached the terms of the Loan Agreement by improperly applying payments made pursuant to the loan documents (Docket No. 8, p. 8, ¶ 15). Plaintiff concedes that he defaulted on his payment obligations, but alleges funds from the investment account should have been applied to cure any default and reinstate the loan. (Docket No. 8, pp. 4-5, ¶ 5). Plaintiff contends that any funds received from the investment account "should be applied to the late period payments first and then for late fees if any." (Docket No. 8, ¶ 15).

11. The Deed of Trust states that payments *accepted and applied* "shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the note; (c) amounts due under Section 3." (Exhibit "A," p. 4, ¶ 2). However, Plaintiff did not make any payment on the Note pursuant to the Deed of Trust. The funds obtained from the investment account were received pursuant to the terms of the MPA, not as a payment from Plaintiff. (Exhibit "1"). Any funds received in connection with the investment account were the result of Plaintiff's default and the terms of the MPA, not Plaintiff's voluntary action to cure the default.

12. The MPA was executed in connection with the loan at issue and governs the rights of the parties vis-a-vis the investment account. (Docket No. 8, p. 2, ¶ 4). Plaintiff contends that when Defendant received funds from the investment account those funds constituted payments under the Deed of Trust and effected a reinstatement of the loan. The plain terms of the loan agreement specifically reject Plaintiff's contentions and demonstrate that any funds received from the investment account as a result of Plaintiff's default could not constitute cure of the default or reinstatement of the loan.

13.     The MPA specifically states "the sale or other disposition of Collateral [defined as the investment account] . . . shall [not] be deemed (i) to cure any default under the Loan Documents; (ii) a tender of any arrearages or of performance sufficient to require reinstatement of the Loan; (iii) waiver of acceleration or of the right to accelerate the Loan; or (iv) a waiver of any of MLCC's other rights under the Loan Documents." (Exhibit "B," ¶ 6(d)). The MPA specifically states that funds received from the investment account cannot cure any default, constitute tender of the past due payments or reinstatement of the loan, or act as a waiver of any other right under the Note or Deed of Trust.

14.     By the plain unambiguous terms of the MPA, Defendant was entitled to receive funds from the investment account and was not required to apply these funds as payments under the Deed of Trust. The MPA specifically allowed Defendant to apply funds received from the investment account to "any Loss" or "any and all amounts due and owing on the Loan . . ." (Exhibit "B," ¶ 6(a)). The funds received from the investment account were applied to to the loan on on May 23, 2013. (Exhibit "1").

15.     The funds received as a result of Defendant exercising its right to the funds in the investment account were not "payments" as alleged by Plaintiff, but were additional collateral securing the repayment of the loan. Plaintiff defaulted on the repayment of the debt and Defendant exercised its rights to the additional collateral as allowed by the MPA. Defendant has conclusively established that its application of payments was allowed by the loan documents, was not governed by the Deed of Trust, and consequently, not a breach of the Deed of Trust. Defendant is entitled to summary judgment denying Plaintiff's breach of contract cause of action as a matter of law.

16. *Foreclosure Notices Were Sent as Required by the Deed of Trust*. Plaintiff alleges that Defendant failed to properly notice the sale of the property in that it did not send the "notice to cure" and notice of acceleration and foreclosure. On June 14, 2013, Defendant sent Plaintiff a notice of default and intent to accelerate which provided Plaintiff thirty days to cure the default. The notice was sent to Plaintiff via Certified Mail, Return Receipt Requested, article number 7196 9008 9111 9807 9863. (Exhibit "E"). However, before any action could be taken to accelerate the maturity of the debt, Mark Mahavier requested validation of the debt on July 11, 2013. (Exhibit "C"). Defendant provided a response to this request on July 24, 2013. (Exhibit "D"). Before Defendant could send its notice of acceleration and posting, Plaintiff obtained a temporary restraining order enjoining the sale of the Property. (Exhibit "1").

17. The Deed of Trust required Defendant to provide Plaintiff with notice of default and opportunity to cure. Defendant sent this notice on June 14, 2013. (Exhibit "E"). The Deed of Trust further required Defendant to provide Plaintiff with notice of the trustee's sale at least 21 days prior to the sale of the Property. To date no sale of the property has occurred. (Exhibit "1"). Because no sale has occurred, Defendant has not breached any term of the contract requiring 21 days notice of the sale of the Property.

**B. There Is No Issue of Material Fact Concerning Plaintiff's Declaratory Judgment Claims.**

18. Plaintiff's First Amended Complaint requests the Court make certain declarations regarding the Note and Deed of Trust. Plaintiff's request for declaratory relief fails as a matter of law in that it is remedial in nature and can be maintained only in connection with a valid cause of action. Plaintiff's breach of contract claim must be denied as a matter of law, and his request for declaratory relief cannot stand alone.

19. *Defendant Sent Required Notices and Any Allegation That Notices Were Not Sent Is Premature*. As demonstrated above, Defendant served Plaintiff with notice of default and opportunity to cure on June 14, 2013. (Exhibit "E"). Thereafter, Plaintiff obstructed further action to enforce the Deed of Trust by requesting validation of the debt and obtaining a temporary restraining order. (Exhibits "1" and "C"). The Deed of Trust requires that notice of the sale be provided at least 21 days prior to the date of the sale. (Exhibit "A," p. 13, ¶ 22). There has been no sale of the Property. (Exhibit "1"). Therefore, no breach of the requirement to provide 21 days advance notice of the sale has occurred.

20. *Defendant Has Complied With the Terms of the Property Code*. Section 51.002 of the Property Code requires a foreclosing entity to serve the debtor in default with notice of his or her default, and to provide the debtor with at least 21 days notice of the sale. TEX. PROP. CODE §§ 51.002(d); 51.002(b). As demonstrated above, Defendant served Plaintiff with notice of default. (Exhibit "E"). The Property Code, like the Deed of Trust requires notice of the sale be given at least 21 days prior to the sale of the property. There has been no sale of the Property; therefore, no violation of § 51.002(b) has occurred.

21. *The MPA Governs the Application of Funds Received From the Investment Account*. The MPA governs the application of any funds received from the investment account. The MPA specifically allows Defendant to apply any loss. (Exhibit "B," ¶ 6(d)). Contrary to Plaintiff's allegation, there was no requirement that the funds received from the investment account be applied to the past due payments. The MPA specifically states that funds received from the investment account cannot cure a default in repayment, or constitute tender of arrearages, reinstatement or waiver of the right to acceleration. Plaintiff is not entitled to the requested declaration.

22.     *Plaintiff Is In Default and There Was No Reinstatement Under the Deed of Trust*. Plaintiff does not allege that he made the required monthly mortgage payments or that he made a lump sum payment to cure the default.  Instead, Plaintiff claims that funds received from the investment account cured any default and reinstated the loan.  (Docket No. 8).  The MPA specifically states that funds received from the investment account after default do not constitute cure of default or tender of funds sufficient to reinstate the loan.  (Exhibit "B," ¶ 6(d)). Plaintiffs' account is presently due for the August 2010 payment. (Exhibits "1").  Again, any declaration must conclude that Plaintiff has been in default for more than three and a half years.

## III.
## Prayer

WHEREFORE, PREMISES CONSIDERED, PNC Bank, National Association respectfully prays that this Court grant Defendant's Motion for Summary Judgment pursuant to Rule 56; and grant Defendant such other relief, at law or in equity, to which it shows itself justly entitled.

Respectfully submitted,

By:_____/s/ Philip C. Reeves _____
       H. Gray Burks, IV
       Texas Bar No. 03418320
       Kirk A. Schwartz
       Texas Bar No. 24004908
       Philip C. Reeves
       Texas Bar No. 24065959
       ShapiroSchwartz, LLP
       5450 Northwest Central, Suite 307
       Houston, Texas  77092
       Telephone:  (713) 462-2565
       Facsimile:  (847) 879-4854

Attorneys for PNC Bank, National Association

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of February, 2014, a true and correct copy of the foregoing was sent to:

Kenneth E. Grubbs
Attorney at Law
4241 Woodcock Drive, Suite C-120
San Antonio, Texas  78228
*Via Certified Mail, Return Receipt Requested*


                                                                                    _____/s/ Philip C. Reeves_____
                                                                                    Philip C. Reeves